**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case No. 20-cv-3317

JORDAN FITZLAFF, on his own behalf
and on behalf of all others similarly situated,

Plaintiff,

v.

LOOMIS ARMORED US, LLC,

Defendant.

---

**NOTICE OF REMOVAL**

---

PLEASE TAKE NOTICE that Defendant Loomis Armored US, LLC ("Loomis"), through undersigned counsel, respectfully removes the state court action captioned *Jordan Fitzlaff on his own behalf and on behalf of all others similarly situated v. Loomis Armored US, LLC*, Civil Action No. 2020CV33399, filed in the District Court of Denver County, Colorado to the United States District Court for the District of Colorado pursuant to diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1446, 1453, and 1711-1715. As grounds therefore, Loomis states as follows:

## I. OVERVIEW

Plaintiff Jordan Fitzlaff ("Fitzlaff"), on behalf of himself and all similarly situated people, commenced this action against Loomis in the District Court of Denver County, Colorado by service of a Summons and Complaint dated October 6, 2020, which asserts claims of violations of the Colorado Minimum Wages of Workers Act, C.R.S. § 8-6-101, *et seq*. *See* Class Action

Complaint, **Exhibit A**. Fitzlaff alleges that Loomis failed to pay Armored Service Technicians ("ASTs"), also known as drivers, messengers, and guards, overtime wages for hours worked between 40 and 46 each workweek and beyond 12 each workday. Exhibit A at ¶ 21. The Complaint does not appear to limit the class definition to ASTs who worked in Colorado, despite being brought only under Colorado law. Fitzlaff seeks damages on behalf of himself and all members of a proposed class, as defined above, for a period of six years prior to the filing of the Complaint. *Id.*

This Court has original jurisdiction over this action under CAFA. *See* 28 U.S.C. § 1332(d). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which: (1) there are alleged to be 100 members the proposed class; (2) one or more of the members of the proposed class have a different citizenship from the defendant; and (3) the claims of the proposed class members exceed the sum or value of $5,000,000.00 in the aggregate. As set forth below, this action meets all three of CAFA's requirements and thus, this Court has subject matter jurisdiction over this action.

## II. PLAINTIFF'S PROPOSED CLASS CONTAINS OVER 100 MEMBERS.

In his Complaint, Fitzlaff alleges his belief that the proposed class is "in the 150-200 persons range." Exhibit A at ¶ 24. Although discovery has not yet commenced, based on preliminary review of its employment records, Loomis believes that, even limiting the class to Colorado ASTs, there are likely to be over 500 members[1] of the proposed class. Declaration of Katherine A. Perry ("Perry Declaration"), at ¶ 4.

[1] The electronic payroll system Loomis currently uses only contains payroll records back to May 2016, so that is the data used for purposes of this pleading. Loomis fully expects the proposed class to be even more numerous, once it is able to ascertain potential class members employed between October 2014 and May 2016.

To be certain, Loomis denies Fitzlaff's claims that he or others were paid improperly, denies that six years is the appropriate statute of limitations, and denies that the proposed class would be appropriate for certification. However, taking Fitzlaff's allegations as true, the aggregate number of potential class members meets CAFA's requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

## III. DIVERSITY OF CITIZENSHIP IS PRESENT.

To satisfy diversity of citizenship as required by 28 U.S.C. § 1332(d)(2)(A), only one plaintiff or proposed class member needs to be a citizen of a state different from any defendant. 28 U.S.C. § 1332(d)(2)(A). Fitzlaff alleges that Loomis's primary "office street address" is in Houston, Texas. Exhibit A at ¶ 7. In fact, Loomis's state of incorporation, and its principal place of business, is in Texas. Perry Declaration at ¶ 3. Fitzlaff does not formally allege his own state of residence in the Complaint, but provides a residence address located in Colorado Springs, Colorado. Exhibit A at pg. 6. Accordingly, it is more likely than not that Fitzlaff is a citizen of Colorado. Because Fitzlaff and Loomis are citizens of different states, diversity is present, and this action meets CAFA's minimal diversity requirement.

## IV. THE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION.

While Fitzlaff's Complaint does not state a total amount in controversy, the failure of the Complaint to specify the total amount of damages or other monetary relief sought does not deprive this Court of jurisdiction. *See Frederick .v Hartford Underwriters Ins. Co.*, No. 11-cv-02306-WJM-KLM, 2012 WL 4511242, at *3 (D. Colo. Oct. 1, 2012) ("Regardless of the plaintiff's pleadings, federal jurisdiction is proper if a defendant proves jurisdictional facts by a 'preponderance of the evidence' such that the amount in controversy **may** exceed $5,000,000.") (citation omitted) (emphasis added). In this action, there is more than a reasonable probability that

the amount in controversy in this case exceeds the jurisdictional minimum based on the claims for relief in the Complaint and Fitzlaff's own allegations. *See Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 911-12 (10th Cir. 2016) ("As historically used, the term 'in controversy' has never required a party seeking to invoke federal jurisdiction to show that damages 'are greater' or will likely prove greater 'than the requisite amount' specified by statute. Instead, the term has required a party seeking federal jurisdiction to show only and much more modestly that 'a fact finder **might** legally conclude' that damages exceed the statutory amount.") (citations omitted) (emphasis added).

CAFA authorizes the removal of class actions in which, among other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000.00. *See* 28 U.S.C. § 1332(d). While Loomis denies Fitzlaff's claims and his requests for relief, the facial allegations in the Complaint and the total amount of wages and attorneys' fees at issue in this action is in excess of this Court's jurisdictional minimum. *See Hammond*, 844 F.3d at 914 ("It is our judgment . . . that '[o]nce the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million . . . the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much.'") (citation omitted).

Fitzlaff asserts claims for himself and the putative class for alleged violations of the Colorado Minimum Wages of Workers Act, as implemented by the Colorado Minimum Wage Order and the Colorado Overtime and Minimum Pay Standards Order, 7 C.C.R. 1103-1 (2020), as well as statutory attorneys' fees. Exhibit A at ¶¶ 3-5. Fitzlaff contends that Loomis had a policy and practice of refusing to pay ASTs working routes within Colorado overtime wages for overtime

hours worked between 40 and 46 hours each workweek and beyond 12 each workday. Exhibit A at ¶¶ 14-15, 21.

Although wage rates varied among members of the putative class, as Fitzlaff defines the class in the Complaint, the average AST hourly rate of pay in Colorado is $19.18 per hour. Perry Declaration at ¶ 4. Based on Fitzlaff's allegations, the typical class member working 46 hours a week, and not paid any overtime premium (*i.e.*, half time) for the six hours between 40 and 46 per week would have approximately $57.54 in allegedly unpaid overtime premiums per week, or $2,992.08 per year. Fitzlaff asserts that the applicable statute of limitations on the class's claims is six years. Exhibit A at ¶ 21. Each class member therefore has a possible claim for unpaid overtime in the amount of $17,952.48. With over 500 potential class members, the potential damages in this case are therefore at least $8,976,240.00, which is well over CAFA's $5 million requirement.

Additionally, Fitzlaff also seeks his attorneys' fees. Exhibit A at ¶ 43. It is well-settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages as well as attorneys' fees. *See, e.g.*, *Missouri State Life Ins. Co. v. Jones,* 290 U.S. 199, 202 (1933) (stating that attorneys' fees may be used in calculating jurisdictional amount if statute allows such recovery). The Colorado statute under which Fitzlaff seeks damages, C.R.S. § 8-6-118, provides for reasonable attorney fees to the successful employee recovering unpaid wages. Based on publicly available information regarding attorney's fees in class action settlements, if Fitzlaff prevailed in this case, his attorney could be awarded attorney's fees equal to 25 percent of an award of damages. *See Tuten v. United Airlines, Inc.*, 41 F. Supp. 3d 1003, 1009 (D. Colo. 2014) ("Though the monetary amount of fees is

significant, the percentage of fees requested (24.7% of the Settlement Fund) falls within the norm for these types of cases. *See* Stuart J. Logan *et al., Attorney Fee Awards in Common Fund Class Actions,* 24 Class Action Rep. 167, 167 (2003) (reporting that the median award of attorney fees was 31.6% based on a survey of 1,200 class action settlements); *Nilsen v. York Cty.,* 400 F.Supp.2d 266, 281 (D.Me.2005) (collecting cases and finding that the median for attorneys' fees awards in class action settlements was around 27%)."). Thus, Plaintiff's claimed attorneys' fees, if this matter was to proceed through trial, could exceed $2.2 million.

Based on the foregoing, under CAFA, the preponderance of the evidence shows that Fitzlaff's claims for damages and attorneys' fees exceed the $5,000,000.00 jurisdictional minimum of this Court, as required by 28 U.S.C. § 1332(d). Pursuant to the legislative history of CAFA, any doubts regarding whether this class action involves an amount in controversy exceeding $5,000,000 are to be resolved in favor of federal jurisdiction. *See, e.g.*, S. REP. 109-14, at 43 ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly[.]").

## V. THE NOTICE OF REMOVAL IS TIMELY.

In general, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).

Here, Loomis was served with the Complaint on October 9, 2020 *See* **Exhibit B**, Affidavit of Service. Loomis filed the instant Notice of Removal on November 6, 2020. Accordingly, this Notice of Removal is timely.

## VI. THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED

In addition to satisfying the jurisdictional and timing requirements, Loomis has also satisfied all other procedural requirements for removal:

1. The District Court of the County of Denver, Colorado is located within the District of Colorado. *See* 28 U.S.C. § 1441(a).

2. No previous application has been made for the relief requested in this notice.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings, process and orders received by Loomis are identified as follows:

**Exhibit A**: Class Action Complaint

**Exhibit B**: Affidavit of Service

**Exhibit C**: District Court Civil Case Cover Sheet

**Exhibit D**: Summons

**Exhibit E**: Delay Reduction Order

**Exhibit F:** Entry of Appearance of Jennifer S. Harpole

**Exhibit G**: Entry of Appearance of Grace L. McGuire

**Exhibit H**: Unopposed Motion for Extension of Time to File Answer

**Exhibit I**: Proposed Order in Support of Unopposed Motion for Extension of Time to File Answer

**Exhibit J**: Order Granting Unopposed Motion for Extension of Time to File Answer

4. Pursuant to D.C.COLO.L.Civ.R 81.1(b), a copy of the current docket from the District Court of the County of Denver, Colorado is also attached as **Exhibit K**. There are no pending motions, petitions, or related responses, replies, or briefs before the District Court of the County of Denver, Colorado.

5. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the District Court of Denver County, Colorado.

6. A Civil Cover Sheet and Supplemental Civil Cover Sheet have been filed contemporaneously with this Notice of Removal.

WHEREFORE, Loomis respectfully removes this action from the District Court of Denver County, Colorado, bearing Civil Action No. 2020CV33399, to the United States District Court for the District of Colorado.

Respectfully submitted this 6th day of 2020.

*s/ Jennifer S. Harpole*

Jennifer S. Harpole
Grace L. McGuire
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, CO 80202
Telephone: 303.629.6200
Fax: 303.629.0200
Email: jharpole@littler.com
gmcguire@littler.com

*Attorneys for Defendant Loomis Armored US, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 6, 2020, I electronically filed the foregoing **NOTICE OF REMOVAL** with the Clerk of Court using the CM/ECF system, and by email and U.S. Mail to the following:

Brandt Milstein
2400 Broadway, Suite B
Boulder, CO 80304
brandt@milsteinlawoffice.com

*Attorneys for Plaintiff*

*s/ Joanna L. Fox*
Joanna L. Fox

4821-2266-1584.1 028378.1000